**FILED**
**Dec 09, 2021**
**07:06 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **LAUNDELL MOSS,** | ) | **Docket No.: 2021-08-0362** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NATIONWIDE SURPLUS, LLC,** | ) | **State File Number: 4797-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS CASUALTY &** | ) | **Judge Deana Seymour** |
| **SURETY COMPANY,** | ) | |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on December 1, 2021, to determine Laundell Moss's entitlement to medical and temporary disability benefits. Nationwide Surplus contended Mr. Moss's claim was barred by his failure to provide timely notice of his injury and the statute of limitations. The Court finds that Mr. Moss is unlikely to prove at a hearing on the merits that he timely filed his claim and denies his request for benefits.

### History of Claim

Mr. Moss claimed a back injury after lifting at work on November 12, 2019. According to Mr. Moss, he timely reported his injury to Nationwide Surplus and completed workers' compensation paperwork. However, he never received a panel of physicians, so he sought treatment on his own.

Mr. Moss treated with neurosurgeon Dr. Fereidoon Parsioon. He first saw Dr. Parsioon on December 30. Dr. Parsioon diagnosed a "huge" right L3-4 ruptured disc with an extruded fragment and a cyst at L2-3. He recommended immediate surgery, but Mr. Moss wanted to see if Nationwide Surplus would accept his workers' compensation claim before he proceeded.

1

Ultimately, Mr. Moss underwent surgery with Dr. Parsioon on January 21, 2020. Nationwide Surplus's workers' compensation carrier denied the claim on the same date. In May, Dr. Parsioon released Mr. Moss at maximum medical improvement.

On April 6, 2021, Mr. Moss filed a Petition for Benefit Determination.

At the hearing, Mr. Moss testified he had difficulty filing his claim due to the pandemic. He also mentioned that he did not receive any bills for his treatment, which made him think Nationwide Surplus was paying the claim. However, he admitted speaking to claim representative Daniel Ladue about the denial of his claim and acknowledged receiving a copy of the Notice of Denial.

Nationwide Surplus principally argued that Mr. Moss's claim was barred by the statute of limitations. Mr. Ladue testified by affidavit that Mr. Moss's claim was denied by the carrier without any benefits being paid. Lisa Weaving, Nationwide Surplus's Quality Environment Health & Safety Manager, also testified by affidavit that Nationwide Surplus neither authorized nor paid for any medical treatment. Since Mr. Moss filed his petition more than one year after his date of injury, Nationwide Surplus contended his claim was barred. It further maintained that Mr. Moss failed to provide timely notice.

### Findings of Fact and Conclusions of Law

Mr. Moss must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Under the Workers' Compensation Law, in cases where the employer has not paid benefits to or on behalf of the employee, the employee's right to recover compensation is forever barred unless he gives notice as required by Tennessee Code Annotated section 50-6-201 *and* files a Petition for Benefit Determination within one year after the accident resulting in injury. *See* Tenn. Code Ann. § 50-6-203(b)(1) (2021) (emphasis added).

Here, the Court finds Mr. Moss provided timely notice of his claim to Nationwide Surplus. According to his unrebutted testimony, he reported his injury and completed workers' compensation paperwork after returning to Memphis on November 15, 2019.[1] However, he filed his Petition for Benefit Determination on April 6, 2021, which was more than one year after his November 12, 2019 date of injury. Thus, he did not file

---

[1] Based on Mr. Moss's testimony that he timely reported his injury but never received a panel of physicians, the Court refers the case to the Bureau's Compliance Program for consideration of an assessment of a penalty under Rule 0800-02-24-05(e) of the Tennessee Compilation Rules and Regulations.

within the one-year statute of limitations.

Mr. Moss asserted he had difficulty filing his claim due to the pandemic. However, he cited no authority to suggest that the statute of limitations was tolled or otherwise modified by the pandemic.

Mr. Moss also mentioned that he did not receive any bills for his treatment, making him think Nationwide Surplus was paying the claim. The Court finds that any reliance on that belief was unreasonable in view of his conversation with Mr. Ladue and his receipt of the Notice of Denial.

Mr. Moss represented himself, as is his right. However, the Court cannot excuse noncompliance with the substantive and procedural rules that represented parties must observe. *Walton v. Averitt Express, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (June 2, 2017). While the Court found Mr. Moss sincere and credible, it must hold he is not likely to prevail at a hearing on the merits because he did not file his claim within one year of his date of injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Moss's request for benefits at this time.

2. The Court refers the case to the Bureau's Compliance Program for consideration of an assessment of a penalty under Rule 0800-02-24-05(e) of the Tennessee Compilation Rules and Regulations.

3. This case is set for a Scheduling Hearing on **February 7, 2022** at **9:00 a.m. Central Time**. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED December 9, 2021.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

3

# Appendix

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Appearance
4. Request for Expedited Hearing, with Mr. Moss's Rule 72 Declaration
5. Employer's and Insurer's Response to the Employee's Request for Expedited Hearing
6. Order on Show Cause Hearing
7. Employer's Motion to Attend Expedited Hearing by Telephone
8. Order Allowing Employer's Counsel to Appear by Telephone
9. Employer's and Insurer's Opposition to Relief Sought by Employee Through Request for Expedited Hearing
10. Notice of Filing Affidavits of Daniel Ladue and Lisa Weaving

Exhibits
1. Medical records from Phoenix Neurosurgery
2. Affidavit of Daniel Ladue
3. Affidavit of Lisa Weaving
4. Petition for Benefit Determination
5. Notice of Denial of Claim for Compensation
6. MRI report signed by Dr. Duke at Diagnostic Imaging P.C.
7. Baptist Memorial Hospital x-ray report
8. Operative Report
9. Physical therapy note of April 24, 2020

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was sent as indicated on December 9, 2021.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Laundell Moss, Employee | X | X | X | 3097 Waynoka Ave. #4 Memphis, TN 38111 dellmossjr81@gmail.com |
| Paul Nicks and Emil L. "Chip" Storey, Jr., Employer's Attorneys | | | X | pnicks@travelers.com cstoreyj@travelers.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*